UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG PERSIN, on behalf of himself and all other plaintiffs similarly situated known and unknown, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 05 C 2347 |
| CAREER BUILDERS, LLC, d/b/a CAREERBUILDERS.COM, | ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on the motion of Plaintiff Craig Persin for an order authorizing notice to similarly situated persons pursuant to 29 U.S.C. § 216(b). For the reasons set forth below, the motion is denied.

## BACKGROUND

Persin was formerly employed by Defendant CareerBuilder.com ("CareerBuilder") as a Flex Ad Specialist, Account Manager, beginning in late 2002. Over the course of his approximately two years with CareerBuilder, Persin's job title changed twice: once to Multimedia Sales, Account Manager and then to Senior Account Manager, MSG. Prior to November 2004, account managers at CareerBuilder were compensated on a salary plus commission basis. According to Persin, during his tenure at CareerBuilder,

CareerBuilder was required to pay him his regular rate of pay for all hours worked within 40, and time-and-a-half, or one and one-half times his regular rate of pay, for any hours worked in excess of 40.  Persin contends that until November 2004 CareerBuilder failed to pay him overtime wages for hours worked in excess of 40.

In addition to the allegations personal to him, Persin alleges that CareerBuilder improperly compensated 400-450 other account managers between July 2003 and May 2005.  He claims that CareerBuilder improperly classified all account managers as exempt from the FLSA's overtime requirements and that CareerBuilder failed to implement a timekeeping system to record the number of hours account managers worked.  Without such a system, CareerBuilder could not determine whether account managers worked more than 40 hours per week.

The Department of Labor ("DOL") instituted an audit of CareerBuilder in December 2004.  On April 4, 2005, while the audit was ongoing, Persin filed a complaint for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL").  He alleges that the IMWL claims are brought as a class action under Federal Rule of Civil Procedure 23.  However, he has not yet moved to certify a class.

On July 15, 2005, Persin filed the present motion with respect to the FLSA claim. He requests that we authorize him to issue notice to all persons employed by CareerBuilder between September 21, 2002, and November 15, 2004, who held the

position of account managers or performed substantially similar duties. Because he does not have contact information for all of these people, he asks that we direct CareerBuilder to provide him with their names and addresses. Finally, he asks for approval of his proposed notice and consent forms.

The DOL audit has progressed during the pendency of the audit; according to CareerBuilder, it is nearly completed. Many of the same claims raised in Persin's complaint overlap the issues the audit addresses for the parties he wishes to notify.

## LEGAL STANDARD

Pursuant to § 16(b) of the FLSA, plaintiffs may bring an action for unpaid overtime compensation and liquidated damages on behalf of themselves and similarly situated employees. 29 U.S.C. § 216(b). This type of action is referred to as a "collective" or "representative" action. See Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004). A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under § 216(b) only if they opt in to the action via written consent. Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982). Though § 216(b) lacks a provision requiring court-ordered notice of the action, district courts can authorize, in appropriate cases, the issue of a similar type of notice to potential plaintiffs in FLSA actions. Hoffman-La Roche, Inc., v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). A district court may regulate the

plaintiff's ability to communicate, under terms and conditions prescribed by the court, with other class members as long as, once the suit has commenced, the court does not forbid the sending of notice altogether. Woods, 686 F.2d at 580.

Neither § 216(b) nor its regulations set forth criteria for courts to employ in deciding whether employees are situated similarly such that authorization of notice is appropriate. Several federal courts have used a two-step process to determine whether the suit should proceed as a collective action. See, e.g., Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996); Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995).

Under the first leg of the approach, usually based on pleadings and affidavits, the court makes an initial determination whether plaintiffs are similarly situated, and thereby whether notice of the action should be given to putative class members. Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). Because at this stage of the litigation the court has minimal evidence, the plaintiff's showing is measured under a relatively lenient standard. Id. If the plaintiff's offering passes muster, the court will certify the plaintiff class on the condition that the claimed similar situation bears out after the discovery process is completed. Id. If the court conditionally certifies the class, class members are given notice, and the action proceeds as a representative action throughout discovery. Id.

-4-

The second stage occurs later in the litigation.  It is typically instigated by the defendant's motion to decertify the class, filed after discovery is largely complete.  Id. At this stage, the court has abundant information on which to base its decision, and makes a factual determination on the similarly situated question, utilizing a much stricter standard.  Id.; Thiessen, 267 F.3d at 1102-03.  The court reviews several factors, including: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the required filings.  Thiessen v. Gen'l Electric Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001).

Because Persin's motion to authorize notice and the infancy of the current litigation place us at the initial stage of the two-step approach, we employ the relaxed standard in determining whether Persin and other account managers at CareerBuilder are similarly situated and thereby whether notice should be authorized.


**DISCUSSION**

**A.  Order to Authorize Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b)**

As discussed above, the first step of the two-tiered approach in essence looks to whether the plaintiff has made a modest showing that those to whom notice will be

addressed might be similarly situated.  If the plaintiff has done so, the court conditionally

accepts the proposition that plaintiff represents a larger group and notice can issue.  In

the second step, the court considers more extensive evidence of whether the members of

the identified group actually are in a situation similar to the named plaintiff.

Clearly, because no notice has issued, we cannot and do not consider the issues

presented by the second tier of this analysis.  However, simply because Persin has not

had an opportunity to seek specific information from CareerBuilder regarding its labor

practices does not mean he is absolved of making some factual assertions that enable us

to determine whether others within the company may have been in the same boat as

Persin.  All he has supplied is his own job title, account manager, and a statement that

account managers are "inside sales personnel."  He has given no description of his job

duties (information clearly available to him with no input from CareerBuilder), no

recitation of his own knowledge of others performing similar duties within the company,

or the like.  Persin appears to believe that anything beyond what he has offered goes only

to the issue of whether others actually were similarly situated to him, but we disagree.

The standard employed at this early stage is elastic and lenient, but that flexibility in

application does not absolve Persin of his burden to show some sort of indication that he

and the group he seeks to address share some fundamental characteristics.  Based on the

information Persin has provided, we have no way of assessing whether anyone in the

organization even might have been similarly situated to Persin.  Consequently, we do not

have a sufficient basis to authorize notice to other potential plaintiffs, and the motion to do so is accordingly denied.  In light of this outcome, we deny Persin's companion motion seeking approval of the form of his proposed notice as moot.

## CONCLUSION

Based on the foregoing analysis, Persin's motion to authorize notice to potential plaintiffs in the representative action is denied.  The motion to approve the proposed notice is denied as moot.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   September 21, 2005